NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

KEVIN RYAN CHANDLER, *Appellant.*

No. 1 CA-CR 15-0483
FILED 6-2-2016

Appeal from the Superior Court in Maricopa County
No.  LC 2015-000144-001
The Honorable Crane McClennen

**AFFIRMED**

COUNSEL

City of Tempe Prosecutor's Office, Tempe
By Andrew M. Davidson
*Counsel for Appellee*

Law Offices of Neal W. Bassett, Phoenix
By Neal W. Bassett
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Kenton D. Jones joined.

---

**O R O ZC O,** Judge:

¶1          Kevin Ryan Chandler appeals the superior court's judgment affirming his convictions in Tempe Municipal Court of two charges of driving while under the influence. He argues the municipal court erred by denying his request to personally testify that his blood alcohol content (BAC) was below .08%. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          Officer Casey Marsland of the Tempe Police Department stopped Chandler after he saw his vehicle make an improper right-hand turn. Officer Marsland noticed Chandler's eyes were bloodshot and watery, his "speech was heavily slurred as he spoke," and there was an "odor of alcohol coming from the vehicle."

¶3          At trial, Officer Marsland testified that when he asked Chandler to step out of the vehicle, Chandler "seemed very unsteady" and "used his hands on the door [of the vehicle] for support as he stood up completely to his feet." Chandler refused to perform field sobriety exercises and was arrested for driving under the influence (DUI).

¶4          After Chandler was transported to the Tempe Police Department, he submitted to a breathalyzer test using the Intoxilyzer 8000. Officer Marsland obtained two samples from Chandler. The results from Chandler's breath tests indicated blood alcohol content (BAC) at .162 and .157.

¶5          Prior to trial, Chandler filed a motion in limine requesting he be allowed to testify as "to his blood alcohol level at the time of the arrest." The trial court denied the motion, finding that Chandler lacked the requisite expertise to testify about his BAC at the time of the arrest, but ordered Chandler could testify that "he felt that he was not impaired."

¶6        At trial, Chandler testified that on the evening of his arrest, he drank two glasses of beer at a restaurant and thereafter had an energy drink at a party.  Chandler also called an expert witness, Erik Brown, who testified that he is trained in blood alcohol and breath alcohol analysis and is certified as an operator and a quality assurance specialist for the Intoxilyzer 8000.  Brown testified that based upon the time Chandler said he consumed alcohol, the standard size of the drinks he admitted drinking and the elapsed time until the breathalyzer test, Chandler should not have had any alcohol in his system at the time the test was administered.

¶7        The jury found Chandler guilty of (1) driving or being in actual physical control of a vehicle while under the extreme influence of intoxicating liquor, (2) driving or actual physical control of a vehicle while under the influence, and (3) the lesser-included offense of driving while under the influence with a BAC of .08 or more within two hours or driving.  Chandler appealed to the superior court.  The superior court held the trial court did not err in denying Chandler's motion in limine, affirmed Chandler's first two convictions, but vacated the third conviction.  Chandler timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes (A.R.S.) sections 12-120.21.A.1, 13-4031 and -4033.A.1 (West 2016).[1]  Finding no reversible error, we affirm.

## DISCUSSION

¶8        Chandler contends that Arizona's DUI statutes violate his state and federal constitutional right to testify that he was innocent because the trial court did not allow him to testify as to his specific BAC.

¶9        The constitutionality of a statute is a matter of law which we review de novo.  *State v. Gilfillan*, 196 Ariz. 396, 402 (App. 2000).  The United States Supreme Court has held that a defendant has a fundamental right to testify under the Constitution.  *Rock v. Ark.*, 483 U.S. 44, 51 (1987) ("The right to testify on one's own behalf at a criminal trial has sources in several provisions of the constitution.  It is one of the rights that are essential to due process of law in a fair adversary process.'") (quoting *Faretta v. Cal.*, 422 U.S. 806, 819 n.15 (1975)); *see also State v. Gulbrandson*, 184 Ariz. 46, 64 (1995).  The

---

[1]        We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

right of the accused to testify on his own behalf is also guaranteed by the Arizona Constitution. Ariz. Const. art. 2, § 24

¶10 Although a defendant has a constitutional right to testify, such right is not without limitation and may, in appropriate cases, be subordinated to accommodate the legitimate interests in the criminal trial process. *Rock*, 483 U.S. at 55; *accord Gilfillan*, 196 Ariz. at 402. Although Chandler argues the DUI statutes are unconstitutional insofar as they did not permit him to testify, the legal basis for the denial of his motion in limine is Rule 701, Arizona Rules of Evidence, not the DUI statutes.

¶11 In creating a rule of evidence that may limit a defendant's constitutional right to testify, the state must assess whether the limitation is justified by the interests served by the rule. *Rock*, 483 U.S. at 56. Rule 701, Arizona Rules of Evidence, allows a lay witness such as Chandler to testify only to opinions that are "(a) rationally based on the witness's perception, (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Chandler has no expertise in BAC or BAC testing, and his own subjective perception of how he felt at the time of his arrest could not rationally serve as the basis for any testimony he might give of his exact BAC. *See* Ariz. R. Evid. 701; *see also Fuenning v. Super. Ct.*, 139 Ariz. 590, 598 (1983) (finding that "[p]ragmatically, there may be no way for a particular drinker to know the precise moment he reaches the physiologic point at which driving or controlling a vehicle will violate the law.").

¶12 Chandler was permitted to testify that he felt he was not impaired, because that opinion was rationally based on his own perception. *See* Ariz. R. Evid. 701(a). However, the opinion Chandler sought to offer regarding his exact BAC at the time of arrest is of the nature of testimony that may be admitted only upon proper foundation under Rule 702. *See State ex rel. McDougall v. Johnson*, 181 Ariz. 404, 407 (App. 1994). Under Rule 702, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion." In the present case, Chandler does not purport to meet the requirements to qualify as an expert under Rule 702, so he could not testify as to his exact BAC. Therefore, the court properly limited Chandler's testimony to his lay opinions rationally related to his own perception.

**CONCLUSION**

**¶13** We find that the trial court did not err in refusing to allow Chandler's testimony as to his exact BAC. For the foregoing reasons, we affirm the superior court's judgment affirming Chandler's convictions.



Ruth A. Willingham · Clerk of the Court
FILED: AA